NICHOLS v. WILSON.

5-3625                                          393 S. W. 2d 861

Opinion delivered September 20, 1965.

*W. Q. Hall,* for appellant.

*James R. Hale,* for appellee.

CARLETON HARRIS, Chief Justice. This is a will contest. Cora Wilson, a resident of Huntsville, executed her will on January 27, 1961, and died on June 13, 1963. The will was admitted to probate by the Probate Court of Madison County, and appellees, in due time, filed a petition contesting the provisions of Item 16 of the instrument. Numerous bequests are provided in prior sections, but are not at issue here. The contested provision is as follows:

"I direct that the rest and residue of the assets of my estate be used to finance the construction and completion of a Church House (which at this time has the foundation completed) at the Wesley Cemetery at Wesley, Arkansas, along with the installation of a reasonable number of seats in said Church House and I direct that Mr. Boyd Roberts of Huntsville, Arkansas, be given preference to do construction of such building and said Executrix is to contract with him for the construction of such building as such Executrix sees fit, and such is to be built, after the above bequests, only if and under the express conditions that said Church House be available

for any and all denominations and, further, that it be designated and called the 'Robert Wilson Memorial Church' and, provided further, that the costs of said completion shall not exceed the value of that portion of my estate which I have herein provided for that purpose."[1]

Item 17 sets out that a piano, owned by Mrs. Wilson, shall be placed in the church, when the building is completed, and shall become a part of the church property. Item 18 reads as follows:

"If any or all of the above bequests should fail or lapse or be found invalid for any reason, I devise and bequeath the rest and residue of my estate to my four nephews by marriage, Noid Wilson, Leo Wilson, Earnest and Clyde Wilson, in equal parts, it being my main and one desire that said Church be built, but in the event that it not be for any reason, then I desire that my said nephews by marriage have the rest and residue of my estate."

The background of this litigation is as follows:

R. B. Wilson purchased lands (containing the acre here in question) in 1915 from J. A. Wilson and other Wilson heirs. Subsequently, R. B. Wilson married Cora, and in 1944 conveyed one acre to the Wesley Memorial Chapel and Elbert Mitchell[2] for the following purposes:

"That all Christian Denominations or Organizations may have the free use of said building for such purposes and shall arrange by and through the trustee, above named, his successors and assigns and the Christian Organizations who desire to conduct services in said building, the day and date which each Christian Organization, aforesaid, shall conduct their services in said building and providing that there be no conflict between the day and dates of said services. It is further intended

---

[1] There is no reference to any particular amount, or portion of the estate, for the construction of the building, at any place in the will.

[2] Mitchell was a trustee of the chapel. While it seems to have been understood that a building was to be constructed on the one acre, no specific direction to this effect is included in the deed. Subsequent provisions quoted in the body of the opinion make clear that this was to be done.

that said buildings may be used in which to conduct funerals and general community gatherings. That no church nor organizations, as above defined, shall have the exclusive right to the use or occupancy of said building which would conflict with the provisions of said Deed. It is further understood that if said building is not erected within five years after the cessation of World War #2, that the land above described shall revert to the Grantors, their heirs, executors, administrators and assigns.''

Cora Wilson relinquished all of her interest and dower rights in the property. It might be here stated that nothing was ever constructed on this one acre except a foundation for a building, which, according to testimony, was ''more than twenty years ago.'' Thereafter, this particular area grew up in weeds, brush, and trees.

On September 1, 1945, R. B. Wilson executed a deed to his wife, Cora, purportedly conveying the lands obtained by the grantor in 1915. Appellants, in their brief, however, concede that this deed did not convey any title since only a part description was used. R. B. Wilson died intestate and without issue in 1946 or 1947.

The evidence establishes that Mrs. Wilson subsequently deeded the property (purportedly conveyed to her by her husband) to Lavon Watson, but this deed does not appear in the record. There is testimony from Watson that he thought Elbert Mitchell had deeded the one acre (received from R. B. Wilson) back to Cora, but such a deed does not appear in the transcript, has never been found, and apparently did not exist.

Several questions are raised relative to the validity of Section 16 of the will, but we are of the opinion that one contention definitely disposes of the litigation, and accordingly, a discussion of other allegations is unnecessary. The contention referred to is simply the fact that Cora Wilson does not appear to have held title to the one acre upon which she directed that the building be placed.

If the deed from R. B. Wilson to Elbert Mitchell, trustee, was not void because of violation of the rule

against perpetuities, or because of inadequate description (and it is not argued by any party that this deed was invalid), the property reverted back to the heirs of R. B. Wilson, since the requirements in the original deed from Wilson to Mitchell were not complied with.[3] The record does not reflect who constructed the foundation, but it is made clear that this was as far as any construction was advanced, and apparently those interested in constructing the building abandoned the project. The property certainly did not revert back to Cora Wilson, since she only held a dower interest at the time of the conveyance to Mitchell, and the greatest interest that she could have held in the one acre at the time of her death was as a tenant in common with Wilson's collateral heirs.[4] This would also be true if the 1944 conveyance from Wilson to Mitchell was originally void. Of course, Mrs. Wilson could not legally nor properly direct that a building be placed on lands in which a legal interest was held by others.

We agree with the Chancellor's finding that the deed from R. B. Wilson to his wife, Cora, was void for uncertainty (because of the deficient description). It might also be pointed out that simple logic would indicate that Wilson had no intention of conveying the one acre (on which the building was to be constructed) to his wife, since his conveyance to Mitchell was only about a year earlier than the one to his wife—and, under the first deed, persons interested in constructing the building (under terms set out in the deed), still had five years (counting from the end of hostilities) to complete construction.

While the above finding disposes of the litigation, it might be of interest to note that, from the record, no desire is evidenced in the community to enforce Provision 16 of the will, since no witnesses were presented to testify as to the need of the local populace to take advantage of the bequest. In fact, one of the cemetery trustees testified that a building would not be desirable, and that he

---

[3] Hostilities in World War II ceased in August, 1945, but the war was not officially over until December 31, 1946.

[4] In such event, her interest would have amounted to an undivided one-half.

did not want the gift. No other trustee came forward to contradict this testimony.

We are unable to say that the court's findings were against the preponderance of the evidence.

Affirmed.